(60 Misc. Rep. 334.)

### KAHN v. KAHN.

(Supreme Court, Special Term, New York County. August, 1908.)

MARRIAGE (§ 32*)—CONTRACT—FAILURE TO FILE.

Where a contract of marriage, under Laws 1901, p. 934, c. 339, § 11, subd. 4, was not filed within six months, as required by such statute, but prior to the expiration of such period the provision of the statute declaring a marriage void in such case was repealed, the marriage, though possibly voidable for failure to file, was not void.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 32.*]

Action by Bertha Kahn against Edward A. Kahn. Motion for alimony and counsel fees granted.

Henry Kuntz, for plaintiff.
Abraham Levy, for defendant.

BISCHOFF, J. The marriage alleged was entered into in the form of a written contract under subdivision 4 of section 11 of the domestic relations law (Laws 1901, p. 934, c. 339); the date of the marriage being the 19th of August, 1907. The statute required that the contract should be filed within six months. Thus the last day for filing would fall on February 19, 1908, and it appears to be undisputed that the document was not filed.

The defendant's contention is that section 19 of the domestic relations law, added by chapter 339 of the Laws of 1901, operated to make every marriage not evidenced or solemnized in accordance with the statute absolutely void, and not voidable merely, and that, therefore, the admitted failure to file the contract must result in the finding that there was no marriage; hence that this motion for alimony and counsel fees pendente lite should be denied. There would seem to be merit in this contention if section 19 of the domestic relations law, as enacted in 1901, had remained in force, since the words used to express the absolute invalidity of any marriage not in accordance with the provisions of the statute are unmistakable in their import; but by chapter 742, p. 1751, of the Laws of 1907, section 19 was repealed, the repeal to take effect on the 1st day of January, 1908. Therefore prior to the expiration of the period during which the plaintiff could have filed the contract of marriage in compliance with the statute the provision which made the contract void if not filed was no longer a part of the law of this state, and at the expiration of the six-months

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

period, on February 19, 1908, the omission of filing created a situation in which the marriage was possibly voidable, because of non-compliance with a condition imposed by law, but was not void. See Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826. Motion granted.

Alimony awarded at the rate of $5 per week; counsel fee of $50. Motion granted.